Our next case is Corinth Pipeworks Pipe Industry SA v. United States docket number 23-2094 docket number 23-2094 Okay Counselor Senko you have reserved five minutes of your time for rebuttal correct? Yes, sir, and the Apple leaves counselor acres you're going to speak for 13 minutes and Counselor bright bill for two minutes Okay All right, we're ready when you are Good Morning your honors may it please the court Brian Senko on behalf of plaintiffs appellants Corinth Pipeworks May we respectfully request that this court remand this case back to commerce as commerce's Application of adverse facts available was based on commerce's own clear error as a result of this error commerce reversed Its methodology from calculating a 0% dumping margin for CPW and the preliminary Preliminary results to relying on AFA in the final results and assigning CPW a dumping margin of almost 42% Commerce's application of AFA Was not supported by substantial evidence and not in accordance with law as both a factual and procedural matter as a factual matter Commerce's application of AFA against CPW was not supported by substantial evidence for two reasons First CPW did not withhold information as its costs fully reconciled Just just to be clear. You're not challenging any of the methodology That was used in the underlying case, correct No, your honor. We actually we are challenging the methodology. We're kind of challenging commerce's methodology We're challenging and that's the heart of the issue that commerce never disclosed that it made and I mean that Different than let's say procedure The procedure that it employed in this particular case like its decision to to go to AFA that As opposed to any methodology, it's used to calculate dumping margin. No. Okay. Yes, correct your honor. Not not We are not debating how the dumping margin is calculated. We're debating commerce's methodology to calculate to assign that dumping margin And to your honors point commerce's requires the cost reconciliation to verify that a respondents Recorded costs and sales are accurate and tied to its financial statements and here commerce departed from CPW's cost Reconciliation and performed its own analysis. Can I just ask this? so one of the things at least one of the things that I think commerce said and according to international trade I think concluded was that the manner of your presentations was left So much to be desired was so opaque that that constituted a kind of impeding of the proceeding So that even if somewhere in the massive material you might find all the information That's not enough and Therefore 1677 EA Properly applies Your honor that's rebutted by the fact that commerce itself There can be no reasonable conclusion that CPW's reconciliation wasn't clear when commerce itself was able to get CPW's cost to reconcile But for its clear error to twice to dot CPW's cost of semi-finished pipe had it not made that error Why isn't that enough to say when the? respondent presents So Messy a set of materials that part of what comes with that is the risk that I'll exaggerate a little bit after heroic efforts by commerce to figure out What the answer is to the question that it needs to ask it gets something wrong That's the equivalent of essentially not being given usable information and so it's comes to perhaps incorrect conclusion that There wasn't in fact a reconciliation and therefore it just can't use the costs which I think is what happened here, right? Yeah, well commerce your honor commerce's mistake could have been easily resolved had it followed its statutory mandate under 19 USC 1677 E which is subject to the conditions of 19 USC 1677 MD and provided CPW with this notice of the alleged error that Commerce identified except for the word obtained That's 1677 and G your honor. This is a different point. Yes, so this is 1677 E your honor is subject to the provisions of 1677 and D I will address and G as well your honor, but this is a separate statutory MD is the argument you did not make to the Corps of International Trade, correct? You know honor we made the argument under 1677 EA that it was that application of AFA was not supported by substantial evidence we clearly made that below and then the Supreme Court has held that as long as the claim is Properly presented when it's brought forward before Brought up before the appellate court. The arguments don't have to be exactly the same And so therefore a violation of a different statutory provision. That's I mean, there's always a difficulty of separating New issues from new arguments in support of the same Position on an already raised issue. This kind of seems like on the new issue side of the line No, your honor in that 1677 EA it's the preconditions that you have to apply before applying facts otherwise available and then B is a Adverse inference and EA is subject to 1677 MD. So it's subject to that provision which provides that When you have when commerce identifies an alleged error in this case, it was actually commerce's error It has to provide Respondent with notice and an opportunity to comment and here the burden is on commerce to make its requests clear And here CPW had no reason to know that commerce to continue to find its reconciliation was unclear after CPW responded to the second supplemental questionnaire, and that's because CPW employed the same methodology that implied in the investigation The record demonstrates and just to just help help me understand this I thought your first Response commerce said this is deficient. So we're going to give you another opportunity At that point, it doesn't isn't D satisfied No, your honor and it gets back to the Hitachi case which quotes the SKF case in that if Commerce is going to find an error. It has to make that error clear to the respondent. So in this case Commerce provided in the first supplemental questionnaire. It said the reconciliation was unclear provided a template and said that template template may vary by situation and Then in the second questionnaire supplemental questionnaire, it asks very detailed questions on CPW's reconciliation including it asked about specific figures and specific Values and why CPW reported things in the reconciliation the way it did CPW answered all those questions and then it didn't never disclose to CPW that it found that it cost in reconciled because of these double-counted costs and then CPW It used CPW's calculation in the prelim CPW had no reason to know as it followed the methodology from its initial investigation and Commerce then had six months to seek further clarification from CPW Which it not did not do and it's mandated to do that both under 1677 and D under 1677 and G getting to your do we does the record tell us when Commerce first Completed its own effort at Reconciliation and found that the numbers didn't match up and that's the that's the whole point your honor the linchpin to Commerce's analysis Its reconciliation didn't occur into the final results and so there wasn't six months left. And I guess I'm sort of conjuring a scenario in which you know Everybody at Commerce is busy trying to figure out what to make of this material and nobody can figure it out and the day before you know, the They want to complete the investigation. Somebody says ah, I Sort of see how these things are put together and it may contain a mistake That's still it's still Commerce's obligation once it found that mistake To bring that before CPW and give it an opportunity. It didn't find the mistake until you said look at this You're you're In your honor in the reconciliation chart, which was just not disclosed until final results The whole basis of Commerce's AFA was it found that there was these alleged double-counted costs CPW's accounting system Accumulates the cost so you have bear pipe Then you have coded pipe then you have line pipe and in CPW's reconciliation It removed these double-counted costs because otherwise The reported costs would be essentially inflated Commerce when it did its reconciliation and departed from CPW's It made the error to twice deduct these costs if it hadn't The question I think it's similar to what just Toronto is asking you is if in After Commerce has obtained all the information that can obtain giving you multiple chances It does the best it can To figure out whether things reconcile and what the right calculations are If it makes a mistake at that last point I What is it? In these statutes that gives you the right to be heard in Response to that mistake that if you've been heard, you know appropriately up until that point Okay, so three points your honor 1677 a EA which is as I said 1677 MD 1677 mg which says that factual a information that commerce uses is to base its Determination it must be able to comment on but that doesn't include a calculation your honor This isn't just a standard margin calculation. Now. This is commerce departing from CPW's Reconciliation and performing its own analysis and that's consistent with what commerce has found both in this case for example commerce put a margin calculation on the record and Allowed for comments after the prelim and commerce in other cases to seek it a voluntary remand to allow parties to comment on information that it places on the record and the last point your honor is that there's also a persuasive case law Establishing that when commerce changes its methodology between the prelim and final that it should provide an opportunity to comment So that's the third reason your honor and under any of those reasons we win in this case should be remanded back I see I'm running up towards the end of my time question shared Okay, thank you. We'll restore you back to five minutes. Thank you Good morning, your honors. It may please the court. I'll start with the argument related to 1677 subsect M subsection G That doesn't apply here as your honor stark noted to commerce's Calculations that statute provides that commerce must provide an opportunity to parties to comment on information submitted To the Department of Commerce. That's precisely what happened here after the close of the information collected before the preliminary results were issued and after commerce provided an opportunity for The parties to comment on the preliminary results. That was the close of the information submitted I just want to be clear. It's and I thought you might be saying two somewhat different things. One is Calculation is not information and the second is even if it is it was not obtained by commerce. It was Generated in-house. That's correct. Your honor. That's why 1677 M So that doesn't apply which which one did the obtained part or the information part both your honor? But if it's if it's the infant if calculation is not information, then what information did they not supply? the information that Corinth did not supply was a calculation. No, your honor. It was the reconciliation of the costs. That was the information Isn't that just a a particular kind of calculation? It's a type of calculation It's certainly data that commerce requested that wasn't provided to it in the form and manner of the request And so because if if as might well be the case They provided every bit of raw data, but not the calculation that showed how to figure out the answer to the particular question then And you consider calculations not to be information then they didn't fail to supply any well, your honor Commerce's calculations are not in for new information that's submitted commerce's calculations are based on I just want to keep straight between the two things whether the calculation is not information or whether even if it is It wasn't Submitted to or obtained by I guess both words Are you are in? 1677 mg the our position is that Calculations by commerce are not new information that fall under M Subsection G such that there has to be an additional opportunity to comment on those That's commerce's calculations as it relates to the application of facts available and facts available with an adverse inference Corinth did provide a lot of data that could perhaps have underlined those calculations But didn't provide it in the form or manner requested by commerce and thus essentially made it impossible For commerce to reconcile so sure it did submit data in a huge voluminous data dump But it did so in a way that significantly impeded commerce's ability to reconcile and because it impeded commerce's ability That warranted facts available and because Corinth had numerous opportunities To submit in the form and manner requested and refused to do so that Demonstrated that Corinth did not act to the best of its ability So the form and manner in which Corinth replied to the Department of Commerce is what warrants the facts available and the facts available With the adverse inference. Can you remind me? Do you dispute before us that commerce made a mistake? In what regard your honor? I don't believe so about the the the mistake that they pointed out After the final results the double counting the double counting No, we do not we do not agree that there was a mistake there and in fact, how was there not a mistake? I did yeah, am I I guess I'm vaguely remembering and you'll just correct me that the issue here was internal carrying of costs through multiple stages Which end up having to be if you want to have each cost counted only once you have to keep kind of backing things out and They say that It was one pretty important bit of cost that was not backed out by By commerce and that resulted in the difference between they reconcile and they don't reconcile Sure, that's Corinth's point commerce's response to that is Commerce could not reconcile because the information was not submitted in the form a manner requested so attacking sort of the substance of the attempted reconciliation is Outside of the the legal argument of whether commerce provided the opportunity To submit this information with our facts available. I realized I was asking a question different from what you were talking about So let's put that aside Does commerce? Do you have an explanation for why? Court is wrong in asserting that there was a double counting in commerce's calculation I would just point your honor to don't think there was such an argument in your brief There wasn't an argument in our brief your honor and that That's because it's it's largely relevant under the the legal issue that was appealed here the Department of Commerce at Appendix 9015 I would point your honors to in their final results specifically Address its attempts at reconciliation Commerce attempted to reconcile the cost data because Corinth didn't provide Its own reconciliation as repeatedly requested. So commerce was going above and beyond trying to make sense of this data The point here is that because Corinth repeatedly failed to provide the data in the form a manner requested Commerce had had essentially no ability to reconcile the data and that's why it had to resort on facts available with an adverse inference Now Corinth arguing well, you could have reconciled it this way or this way doesn't remedy the repeated deficiencies throughout the course of the administrative proceeding of Corinth's own making if Corinth wanted its data to be able to be reconciled It should have presented it in the form and manner that commerce requested And so any sort of attempt now to say well commerce Inappropriately or inaccurately reconciled our information ignores that it was Corinth's responsibility to reconcile its information It's the party's the respondents Job to create an adequate record and it repeatedly failed to do so So any errors that commerce made attempting to help Corinth reconcile is separate and apart suppose that in this case Or and the question is about Has this happened before or maybe just hypothetical that after commerce? slaved away with all of this opaque information and You know at the end of the day it actually sees that they reconcile Could commerce at that point say never mind The fact is you impeded the proceeding and And We should not have to go through All of that effort and do all of the work that the party is supposed to do and then apply 1677 EA I believe under the statutory language. Yes, your honor as long as there's a finding that there was a significant significantly impeded the Administration of the proceeding like here's ever done and has ever commerce ever done that sort of thing where where it It does a lot of work far more work than it should have had to do and Concludes that in fact, you know all the information Here that what the reconciliation to make sure that the costs were in fact accurate Has is there Has commerce said nevertheless in that circuit or have we even addressed whether commerce can say 1677 EA still applies. I'm not aware of a case off the top of my head your honor But I imagine yes, because just because commerce can ultimately Spin its wheels and come up with some sort of calculation doesn't mean that a party didn't act to the best of their ability So commerce does go on and gotten to be Sure, but just because the same logic just because commerce ultimately can spend exhaustive efforts Calculating the reconciliation doesn't mean that the party didn't significantly impede Commerce's ability. I have a question on 1677 MG and this is with respect to the Providing the opportunity to be heard when a new information is submitted To whom does that opportunity? extend If if party a is in the Duncan Procedure and it submits information which Which commerce declares that it can't use kind of what we have here then does that give? Party a the right to comment on its own information that is submitted Yes, your honor, I believe that under the statute the statutory language Parties have a right to comment on all information that's submitted to the Department of Commerce or the administering authority Before the record once the record closes So there there is a right to comment on the factual record course of a dumping proceeding of their other Phases where you can comment on the information for example verification comments, correct? In this case, for example, the petitioner submitted a pre Preliminary results brief. So there's there's certainly opportunities throughout the throughout the proceeding And in fact, that's a perfect example of how Corinth actually did have the ability to comment on AFA The petitioner submitted a pre preliminary results brief and argued to commerce that AFA should apply Then after the preliminary results the petitioner submitted another case brief arguing that AFA should apply Corinth responded in a rebuttal brief and argued why AFA should not apply So this isn't a case where Corinth had no opportunity to comment on the application of AFA. It did so prior to the final results and sites some legislative history for 1677 mg essentially that Someone in their position is entitled to know all the essential facts Before commerce makes its final determination. I didn't see a response to that legislative history. What what's your view? Sure, the legislative history generally provides that exactly that parties have an opportunity to respond to the information That's entirely consistent with the statute and entirely consistent with our argument commerce did provide Corinth an opportunity to respond to the factual information on the record. They did so they submitted a case brief that is separate and distinct from commerce's calculation between the preliminary and the final and if Corinth's argument were right and parties had an opportunity to respond to any Distinction between the preliminary and the final there would be an endless cycle of comment commerce makes a new determination Comment commerce makes new determination it's typical that commerce makes a change between the preliminary and the final and Incorporates the comments that were made after the preliminary Commerce as your honors know has strict statutory deadlines that it has to abide by and so it doesn't have the opportunity And it's certainly not required to permit this endless cycle of comments on its analysis But importantly here commerce's analysis on the reconciliation was based on the same Facts and data that were already on the record. No new Information was added after the preliminary results and I'll yield the remainder of my time to counsel. Thank you Counselor Bragville you have two minutes I Think the Justice Department's arguments were very well stated and I will just reinforce that commerce's decision to reject Plaintiffs cost data and apply adverse facts available was supported by substantial evidence It was consistent with the statute if you look at and the lower court properly held this to the plain language of 19 USC 1677 mg Provides for the opportunity to comment on new factual information submitted by interested parties during a proceeding Commerce's reconciliation table its heroic efforts after three bites at the apple by plaintiff Was not is not new factual information submitted by an interested party. You like the government don't defend the Commerce's double counting as the case comes to us. It looks like a pretty obvious error Recognizing we're sitting here with hindsight, etc But it's a little unsettling and you don't defend it to you your honor. I'm not a cost accountant I looked at the exhibits that were created after the fact for the lower court and submitted for this court that were not provided but during the course of the proceeding, you know, even in Justice Department is correct Even if an error was made the fault was entirely and the misunderstanding is entirely Plaintiffs and your honors are correct commerce did make heroic efforts here The burden of creating an adequate record is on the parties not on commerce That's the non-yah case and the language in the cost memo is unusually direct Commerce undertook what it called a long and exhaustive analysis It explained in the second supplemental questionnaire and put plain if I'm notice your extensive calculation worksheets and Reconciliation are difficult to interpret because of the lack of adequate descriptions that's in the appendix at six four nine six That that is the problem here and the cost reconciliation is foundational without it Commerce will not consider costs to be verified. You have the Hyundai case on that you have the protein quote case on that So we ask that you affirm. Can I just ask you? I think I asked miss miss acres Are you aware from your work in this area of a situation where? The invocation of 1677 EA rests only on the opacity of the material That is the impede impede some, you know paragraph or something where Despite that commerce figured out an answer that was favorable to that respondent your honor I'm not aware of something exactly on point I would point you back to the Hyundai case where there was a failure to comply with the reconciliation format and a failure to provide requested details and that was found to be a Basis for application of adverse facts available and upheld by this court Thank you Thank you You know, there's three points the first point and the key point that your honor is addressed to my fellow counsel Is that there wasn't a dispute that commerce made an error in this case and that's key And I think it's key to understand that CPW is not required to be clairvoyant. It's not required to be a mind reader So I just want to go over the facts again CPW submitted a reconciliation and for your honors reference in a peep in appendix 7028 to 702 34 it goes step-by-step how it reconciled its costs and then in appendix 7721 I want to make clear that CPW did submit a reconciliation that its costs fully reconciled So CPW submitted that reconciliation Answered detailed questionnaires on its reconciliation and the second supplemental questionnaire Commerce then used its data to calculate a margin of 0% for CPW CPW then didn't hear anything to address Counsel's point on they had an opportunity to brief it the own petitioners argued that argued for the basis of AFA on the cost reconciliation and their pre prelim comments and commerce rejected that and then in their case brief their arguments were substantially similar and CPW Responded to them and again commerce never disclosed its own clear error to depart from the reconciliation and twice double Count the costs and that's why you were here had CPW disclosed that they could have corrected commerce's mistaken understanding and on Second point is on 1677 mg your honor got to the legislative history of the statute and that's directly on point and that the legislative history makes clear that All interested parties should be informed of the essential facts and ensure that all parties have an opportunity to comment on any factual information Has this has this come up in you know outside the trade context in you know APA world generally where an agency Even does a calculation that does some bit of reasoning that is You know in the final Rule for example or other final decision that Hadn't been expressed before Is there other case law? I can't think of an exact Case, but it gets to the concept. I think of your honor saying of due process and the fairness and equity and that by the way, this is APA 554 apply here or not You may if you don't know never mind. Yeah Generally the APA applies in these cases, but it it We don't we don't always get to that. We rely on the statute But generally yes, the APA would apply to all of Congress's decisions as a familiar with Top of my head no apologies I'm I'm in the niche of the trade world, which is deep enough Let's go back to this double counting there. Does it really matter in this case? Does it matter to you? Did you rely on this somehow? To rely on apologies a double counting error. That's that you're talking about CPW no the double counting error was commerce's error and that's the whole point  Was that had it been disclosed CPW could have corrected commerce's misunderstanding What CPW relied on was commerce using it and that's why I was going through the facts commerce using its margin calculation not disclosing CPW was verified in the initial investigation and followed the same method The alleged failure to Provide reconciliation costs in a certain format It bears on that there was a reliance by CPW that it had followed commerce's past procedures and that commerce never directly Asked it why those procedures were no longer applicable. So there was a reliance component on CPW's And just to conclude I see my time's ripening up and some commerce violated its Obligation to allow CPW to comment on commerce's new methodology which was based on a clear error this violation renders the final results is not supported by substantial evidence and otherwise not in accordance with law and this court should vacate the Judgment of the lower court and remand it back to commerce Unless your honors have any further questions No, thank you. We thank all the parties for their arguments this morning and this court now stands in recess